**UNITED STATES of America, Plaintiff,**

v.

**3520 BRIGHTON BOULEVARD,
et al., Defendants.**

Civ. A. No. 91–B–2055.

United States District Court,
D. Colorado.

March 4, 1992.

Robert D. Clark, Kathleen Tafoya, Asst. U.S. Attys., Denver, Colo., for plaintiff.

Wade H. Eldridge, Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Defendants in this civil forfeiture action move to dismiss on the ground that 21 U.S.C. § 863 (formerly 21 U.S.C. § 857) is unconstitutionally vague on its face. Hearing was held on this motion on January 30, 1992. Because I conclude that the statute includes a mens rea or scienter requirement, it is not facially vague and, therefore, the motion to dismiss is denied.

### I.

Section 863(a) makes it unlawful for any person "to sell or offer for sale drug paraphernalia." The statute goes on to define drug paraphernalia as items "primarily intended or designed for use" in connection with illegal drugs. Section 863(d). The statute offers a non-exclusive list of items Congress considered to be drug paraphernalia and it includes a list of objective and subjective factors to consider in determining whether an item is drug paraphernalia. Section 863(d)(1)–(15) and (e)(1)–(8). Finally, the statute exempts items "traditionally intended for use with tobacco." Section 863(f)(2).

There is a strong presumption favoring the constitutionality of statutes and requiring courts to construe laws in a constitutional manner. *See, e.g., United States v. Main Street Distributing, Inc.,* 700 F.Supp. 655, 663 (E.D.N.Y.1988). A court should uphold a facial vagueness challenge to a statute only if the law is impermissibly vague in all its applications. *The Village of Hoffman Estates v. The Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 495, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362 (1982). In *Grayned v. City of Rockford,* 408 U.S. 104, 108–09, 92 S.Ct. 2294, 2298–99, 33 L.Ed.2d 222 (1972), the court enunciated the standards for evaluating a facial vagueness challenge:

Vague laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that the laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory applications. (footnotes omitted).

Thus, a law is vague if it fails to give fair notice of the prohibited conduct or if it allows arbitrary enforcement.

However, a law's vagueness may be ameliorated if it requires proof of scienter or mens rea, especially with respect to the adequacy of notice that given conduct is proscribed. *Hoffman Estates*, 455 U.S. at 499, 102 S.Ct. at 1193. Therefore, I consider first whether § 863 contains a scienter requirement.

## II.

"The contention that an injury can amount to a crime only when inflicted by intention is no provincial or transient notion" in the law. *Morissette v. United States*, 342 U.S. 246, 250–52, 72 S.Ct. 240, 243–44, 96 L.Ed. 288 (1952). However, the offense section of § 863 does not contain an explicit mens rea. It merely makes it unlawful to sell or offer for sale drug paraphernalia. Section 863(a)(1). Therefore, the question becomes whether I can read a mens rea element into this statute.

In *United States v. United States Gypsum Co.*, 438 U.S. 422, 438, 98 S.Ct. 2864, 2874, 57 L.Ed.2d 854 (1978), the court held that "[c]ertainly far more than the simple omission of the appropriate phrase from the statutory definition is necessary to justify dispensing with an intent requirement." Likewise, in *Liparota v. United States*, 471 U.S. 419, 426, 105 S.Ct. 2084, 2088, 85 L.Ed.2d 434 (1985), the court held that "the failure of Congress explicitly and unambiguously to indicate whether mens rea is required does not signal a departure from this background assumption of our criminal law." Thus, in interpreting § 863, I can imply a mens rea unless it appears that Congress clearly intended otherwise.

Courts considering § 863 have split, although the weight of authority tends to imply a mens rea requirement. *See, United States v. 57,261 Items of Drug Paraphernalia*, 869 F.2d 955, 957 (6th Cir.1989), *cert. denied*, 493 U.S. 933, 110 S.Ct. 324, 107 L.Ed.2d 314 (1989), ("The statute requires an intent to distribute the items for drug use"); *Main Street Distributing, Inc.*, 700 F.Supp. at 666, ("The government

must prove that a defendant intended an item to be used for a drug related purpose"). *But see, United States v. Schneiderman*, 777 F.Supp. 258, 268 (S.D.N.Y. 1991), ("Section 857 is ... a strict liability offense"); *United States v. Dyer*, 750 F.Supp. 1278, 1284 (E.D.Va.1990), (Imposing "objective" mens rea based on item's design features).

Neither the language of § 863 nor its legislative history supports defendants' argument that Congress deliberately intended to omit mens rea from the statute. The definitional clause of the statute provides that drug paraphernalia means only those items "primarily intended or designed for use" with illicit drugs. This language strongly suggests that Congress intended to require some mental element with respect to violations of § 863. The argument in *Schneiderman* that this language is limited only to the definitional clause and cannot transport mens rea into the offense does not hold water against the law's strong presumption that a criminal statute requires proof of criminal intent. Moreover, the legislative history quoted and reviewed at length in *Main Street Distributing*, 700 F.Supp. at 664, leaves no doubt that Congress intended to include a mens rea requirement in § 863. This result accords with the long standing rule that ambiguity in a criminal statute should be resolved in favor of lenity. *See, Liparota*, 471 U.S. at 427, 105 S.Ct. at 2089.

Defendants argue, however, that the intent language in the definitional clause does not specifically refer to a defendant's intent. Rather, defendants assert that a defendant can be convicted under this law based on the transferred intent of either the manufacturer of an item or the end-user. Again, given the law's strong presumption, I am satisfied that the only person whose intent is relevant for purposes of prosecution under this statute is that of the defendant on trial. *Cf., Hejira Corp. v. MacFarlane*, 660 F.2d 1356, 1367 (10th Cir.1981), (The "plain meaning" of the word intended in the definition of drug paraphernalia refers to the intent of the defendant on trial).

Finally, at the hearing on the motion, the government conceded that the statute requires proof of intent. Therefore, I hold that the government must prove that a defendant knew an item to be drug paraphernalia and intended that the item be used for a drug-related purpose before it can establish a violation of § 863.

### III.

Defendants also contend that the definition of drug paraphernalia necessarily encompasses many "dual use" items. Because of this imprecise definition, defendants argue that (1) persons cannot determine in advance whether a given item is, in fact, drug paraphernalia and, therefore, cannot conform their conduct to avoid violating § 863, and (2) the statute impermissibly allows for arbitrary and discriminatory enforcement. I disagree.

■ My holding that a defendant must know an item to be drug paraphernalia and intend the item be used for drug-related purposes removes any suspect vagueness from the definition of drug paraphernalia. This requirement avoids the "trap for the innocent" problem that is at the root of the vagueness doctrine. Even if a person sells an item that "fits" the definition of drug paraphernalia, that person could not be convicted unless the government proves that that person knew the item was drug paraphernalia and intended that it be used for a drug-related purpose. *See, Levas and Levas v. Village of Antioch*, 684 F.2d 446, 453 (7th Cir.1982), ("Since very few of the items [the law] seeks to reach are single purpose items, scienter is the only practical way of defining when a multi-purpose object becomes paraphernalia").

■ Moreover, unconstitutional vagueness cannot be based on uncertainty at the margins. Here, some items, such as crack pipes and coke kits, are clearly "hard core" drug paraphernalia, while other items, such as hand-held scales, vials, pipes, and spoons, can be used for legal or illegal purposes. "Whenever the law draws a line there will be cases very near each other on opposite sides. The precise course of the line may be uncertain, but no one can come

near it without knowing that he does so...." *Hamling v. United States*, 418 U.S. 87, 124, 94 S.Ct. 2887, 2911, 41 L.Ed.2d 590 (1974). Therefore, I conclude that, despite fringe areas of uncertainty, the statute, as a whole, provides fair warning of proscribed conduct.

Furthermore, the statute does not impermissibly allow arbitrary and discriminatory enforcement. Effective law enforcement always "requires the exercise of some degree of police judgment." *Grayned*, 408 U.S. at 114, 92 S.Ct. at 2302. Indeed,

> The question of arbitrary enforcement is present in all drug paraphernalia statutes precisely because the items at issue are generally capable of innocent as well as dangerous use. The problem is generally minimized by providing a list of non-exclusive factors pertinent to determining when an item is paraphernalia.... Some measure of flexibility is particularly appropriate with respect to conduct, such as that proscribed by § 857, that is rendered criminal only by virtue of the intent of the defendant.

*Main Street Distributing*, 700 F.Supp. at 667.

Section 863 provides a list of eight non-exclusive factors that may be considered along with all other logically relevant factors by police, prosecutors, and courts to determine whether a person has acted with the requisite intent. Taken as a whole, I am convinced that these factors effectively channel law enforcement activities so as to discourage arbitrary enforcement. Further, these factors aid meaningful review by courts and juries of police actions after the fact.

■ Defendants argue that there is no consensus even among the police on what constitutes drug paraphernalia under § 863. Defendants point to items that are seized in a search on one day, but not seized in another search on another day. However, the fact that differing minds may reach different results when applying the statutory factors "does not render a statute void for vagueness." *Hejira Corp.*, 660 F.2d at 1367. "The Constitution pro-

hibits arbitrary and discriminatory application of the law; it does not insist upon mathematical certainty." *Main Street Distributing*, 700 F.Supp. at 669.

I hold that § 863 is not unconstitutionally vague.

Accordingly, IT IS ORDERED THAT:

(1) Defendants' motion to dismiss based on the unconstitutionality of § 863 is DENIED.