**UNITED STATES of America, Plaintiff–Appellant,**

**v.**

**Vance MURPHY, d/b/a The Store; Linda Wallace, d/b/a The Store, Defendants–Appellees.**

**No. 92–4020.**

United States Court of Appeals, Tenth Circuit.

Oct. 5, 1992.

Bruce C. Lubeck (David J. Jordan, U.S. Atty., with him on the briefs), Asst. U.S. Atty., Salt Lake City, Utah, for plaintiff-appellant.

Bradley P. Rich of Yengich, Rich & Xaiz, Salt Lake City, Utah, for defendants-appellees.

Before McKAY, Chief Circuit Judge, and ANDERSON and BRORBY, Circuit Judges.

BRORBY, Circuit Judge.

The government appeals from the district court's order dismissing a twelve-count indictment charging violation of the Mail Order Drug Paraphernalia Control

Act, 21 U.S.C. § 857.[1] Judge J. Thomas Greene of the United States District Court for the Central Division of Utah summarily dismissed the indictment against Defendants Vance Murphy and Linda Wallace on grounds that 21 U.S.C. § 857 is "unconstitutionally vague and that the statute does not provide a scienter or intent requirement as required by the Constitution of the United States." To the contrary, we conclude § 857 contains a scienter requirement and is not impermissibly vague. Accordingly, the order of dismissal is reversed and the case is remanded.

## BACKGROUND

Defendant Vance Murphy owns and operates a business in Ogden, Utah, known as The Store. Defendant Linda Wallace works at The Store "as needed," without remuneration. On or about October 13, 1989, December 15, 1989, and January 19, 1990, federal undercover agents purchased several pipes and other items from The Store. Based on these purchases, the agents obtained and executed a search warrant at The Store, seizing thirty boxes of inventory and three boxes of business records.

On September 29, 1991, Defendants were indicted on twelve counts for violating 21 U.S.C. § 857 and 18 U.S.C. § 2. The indictment alleged that on twelve separate occasions the Defendants, aided and abetted by each other, used an interstate conveyance and the Postal Service and other facilities of interstate commerce as part of a scheme to sell and transport drug paraphernalia in that they caused various items of drug paraphernalia to be sent to their business, The Store, from some other state.

Defendants moved to dismiss the indictment on the ground that the statute, 21 U.S.C. § 857, is unconstitutionally vague. The district court held oral argument and ruled in favor of Defendants. The order of dismissal was entered without an opinion.

This appeal followed. We exercise jurisdiction pursuant to 18 U.S.C. § 3731.

## DISCUSSION

The constitutionality of a statute is an issue of law which we review de novo. *United States v. Agnew*, 931 F.2d 1397, 1403 (10th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 237, 116 L.Ed.2d 193 (1991).

In support of dismissal, Defendants argue that 21 U.S.C. § 857 fails to include a scienter requirement and therefore constitutes a strict liability offense that denies due process of law. Defendants further argue that § 857 is unconstitutionally vague both on its face and as applied. The government, on the other hand, denies the statute is impermissibly vague and asserts that § 857 incorporates a scienter requirement in its definition of drug paraphernalia. Moreover, the government contends the plain statutory language, the relevant case law, and the legislative history do not indicate any congressional intent to create a strict liability offense.

In their brief, Defendants relied heavily upon *United States v. Schneiderman*, 777 F.Supp. 258 (S.D.N.Y.1991), as authority for their position. However, *Schneiderman* has since been overruled. *United States v. Schneiderman*, 968 F.2d 1564 (2d Cir.1992). The Second Circuit, in reversing the district court's dismissal of an indictment charging violations of 21 U.S.C. § 857, concluded "Congress intended to include a scienter provision in § 857" and a scienter standard is "implied by the wording of the definitional section." *Id.* at 1566–67. Additionally, the Second Circuit concluded the statute is not vague on its face "[b]ecause § 857 clearly prohibits trade in hard-core drug paraphernalia having no alternative uses," and the statute is not vague as applied because "[t]he scienter element in § 857 ensures that defendants have notice that their conduct is pro-

---

**1.** Section 857 was in effect at the time defendants allegedly committed the charged crimes. In November 1990, prior to the indictment, Congress repealed § 857 and replaced it with § 863 with slight amendments. These amendments are of no significance to the disposition of the instant case, therefore we refer throughout this opinion to § 857 as in effect at the time of the alleged offenses. The full text of 21 U.S.C. § 857 is reproduced in the appendix to this opinion.

hibited" and "§ 857 provides sufficient guidance to prohibit its arbitrary or discriminatory application." *Id.* at 1568. After careful consideration, we adopt the position of our sister circuit.

*Scienter*

 Section 857(a) makes it unlawful:

(1) to make use of the services of the Postal Service or other interstate conveyance as part of a scheme to sell drug paraphernalia;

(2) to offer for sale and transportation in interstate or foreign commerce drug paraphernalia; or

(3) to import or export drug paraphernalia.

21 U.S.C. § 857(a). Although no scienter standard is explicitly set forth in this provision, § 857(d) plainly defines drug paraphernalia as

any equipment, product or material of any kind which is *primarily intended or designed for use in* manufacturing, compounding, converting, concealing, producing, processing, preparing, injecting, ingesting, inhaling, or otherwise introducing into the human body a controlled substance, possession of which is unlawful under the Controlled Substances Act....

21 U.S.C. § 857(d) (emphasis added). The gist of this controversy, therefore, is whether the scienter standard from the definitional section can be legitimately incorporated into the description of the offense, thereby preserving the constitutionality of the statute.

It is axiomatic that imposition of criminal liability normally requires a finding of mental culpability—scienter. *See Morissette v. United States*, 342 U.S. 246, 250, 72 S.Ct. 240, 243, 96 L.Ed. 288 (1952). Consequently, " '[a]bsent indication of contrary purpose in the language or legislative history of [a] statute,' scienter is presumed to be an element of any federal crime." *United States v. Main Street Distrib. Inc.*, 700 F.Supp. 655, 663 (E.D.N.Y.1988) (quoting *Liparota v. United States*, 471 U.S. 419, 425, 105 S.Ct. 2084, 2088, 85 L.Ed.2d 434 (1985)). " '[M]ere omission ... of intent [in the statute] will not be construed as elimi-

nating that element from the crimes denounced'; instead Congress will be presumed to have legislated against the background of our traditional legal concepts which render intent a critical factor." *United States v. United States Gypsum Co.*, 438 U.S. 422, 437, 98 S.Ct. 2864, 2873, 57 L.Ed.2d 854 (1978) (quoting *Morissette*, 342 U.S. at 263, 72 S.Ct. at 249). Moreover, "[t]here is a strong presumption favoring the constitutionality of statutes and requiring courts to construe laws in a constitutional manner." *United States v. 3520 Brighton Blvd.*, 785 F.Supp. 141, 142 (D.Colo.1992); *see also Hejira Corp. v. MacFarlane*, 660 F.2d 1356, 1367 (10th Cir. 1981).

Applying these principles here, neither the language nor the legislative history of § 857 indicates Congress intended to describe a strict liability offense. To the contrary, the explicit language of § 857(d) provides that drug paraphernalia includes only those objects "primarily intended or designed for use" with controlled substances. Clearly, the plain language of § 857(d) not only circumscribes the category of items which constitute drug paraphernalia, it also indicates Congress intended to require a scienter element with respect to § 857 violations. *Schneiderman*, 968 F.2d at 1566; *3520 Brighton Blvd.*, 785 F.Supp. at 143; *Main Street Distrib.*, 700 F.Supp. at 663. Likewise, the legislative history leaves no doubt Congress intended that "the government would be required to prove 'intent on the part of the defendant in a particular trial' to obtain a conviction under the 'primarily intended' standard." *Schneiderman*, 968 F.2d at 1567 (quoting Mail Order Drug Paraphernalia Control Act: Hearings on H.R. 1625 Before the Subcomm. on Crime of the House Comm. of the Judiciary, 99th Cong., 2d Sess. 19–21 (1986)); *see also Main Street Distrib.*, 700 F.Supp. at 664.

Given this support from the statutory language itself and from legislative history, we find Defendants' arguments insufficient to override the strong presumption that § 857 requires proof of criminal intent. We therefore hold that the "primari-

ly intended" language in § 857(d) constitutes the requisite scienter element of the offense charged. Moreover, congressional intent, common sense and precedent dictate that for purposes of prosecution under § 857, the "primarily intended" standard refers only to the intent of the defendant on trial. *See Schneiderman,* 968 F.2d at 1567; *United States v. 57,261 Items of Drug Paraphernalia,* 869 F.2d 955, 957 (6th Cir.), *cert. denied,* 493 U.S. 933, 110 S.Ct. 324, 107 L.Ed.2d 314 (1989); *3520 Brighton Blvd.,* 785 F.Supp. at 143; *Main Street Distrib.,* 700 F.Supp. at 664–66; *cf. Hejira Corp.,* 660 F.2d at 1367.

*Vagueness*

■ Defendants' claim that § 857 is unconstitutionally vague on its face is without merit. As concisely stated by the Second Circuit in *Schneiderman,* § 857 clearly prohibits trade in hard-core drug paraphernalia having no alternative uses. *Schneiderman,* 968 F.2d at 1568 (citing *United States v. Dyer,* 750 F.Supp. 1278, 1295 (E.D.Va.1990) (the existence of a clear core of prohibited conduct cannot seriously be doubted)). Defendants cannot, therefore, seriously assert the statute is impermissibly vague in all its applications—the standard required for a showing of facial vagueness. *See Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 495, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362 (1982); *Dyer,* 750 F.Supp. at 1294–95.

Defendants' claim that § 857 is unconstitutionally vague as applied is premature as the facts of this case have yet to be fully developed.

■ Finally, we conclude § 857 sufficiently prevents arbitrary and discriminatory application. Subsection (d) explicitly sets forth fifteen examples of targeted drug paraphernalia. To supplement, subsection (e) offers eight factors to consider, "in addition to all other logically relevant factors," in determining whether an item constitutes drug paraphernalia, and likewise whether the defendant had the requisite scienter to violate the statute. The permissible range of enforcement is further defined by subsection (f), which ex-

empts persons authorized by law to manufacture, possess, or distribute items characterized as drug paraphernalia, and items "traditionally intended for use with tobacco products." We are persuaded these provisions objectively guide enforcement activites and thereby minimize the likelihood of arbitrary enforcement. *See Murphy v. Matheson,* 742 F.2d 564, 574 (10th Cir. 1984); *Main Street Distrib.,* 700 F.Supp. at 669. Effective law enforcement often "requires the exercise of some degree of police judgment." *Grayned v. City of Rockford,* 408 U.S. 104, 114, 92 S.Ct. 2294, 2302, 33 L.Ed.2d 222 (1972). Moreover, "the fact that different minds may reach different results when seeking to determine whether a given object falls within the statutory definition of drug paraphernalia does not render the statute void for vagueness." *Hejira,* 660 F.2d at 1367 (citing *United States v. Petrillo,* 332 U.S. 1, 67 S.Ct. 1538, 91 L.Ed. 1877 (1947)).

### CONCLUSION

Because we conclude 21 U.S.C. § 857 requires scienter and is not unconstitutionally vague on its face, the order of dismissal is REVERSED and the case is REMANDED for further proceedings.

### APPENDIX

**§ 857. Interstate and foreign sale and transportation of drug paraphernalia**

**(a) Unlawful acts**

It is unlawful for any person—

(1) to make use of the services of the Postal Service or other interstate conveyance as part of a scheme to sell drug paraphernalia;

(2) to offer for sale and transportation in interstate or foreign commerce drug paraphernalia; or

(3) to import or export drug paraphernalia.

**(b) Penalties**

Anyone convicted of an offense under subsection (a) of this section shall be imprisoned for not more than three years and fined not more than $100,000.

**(c) Seizure and forfeiture**

Any drug paraphernalia involved in any violation of subsection (a) of this section shall be subject to seizure and forfeiture upon the conviction of a person for such violation. Any such paraphernalia shall be delivered to the Administrator of General Services, General Services Administration, who may order such paraphernalia destroyed or may authorize its use for law enforcement or educational purposes by Federal, State, or local authorities.

**(d) "Drug paraphernalia" defined**

The term "drug paraphernalia" means any equipment, product, or material of any kind which is primarily intended or designed for use in manufacturing, compounding, converting, concealing, producing, processing, preparing, injecting, ingesting, inhaling, or otherwise introducing into the human body a controlled substance, possession of which is unlawful under the Controlled Substances Act (title II of Public Law 91–513) [21 U.S.C. 801 et seq.]. It includes items primarily intended or designed for use in ingesting, inhaling, or otherwise introducing marijuana, cocaine, hashish, hashish oil, PCP, or amphetamines into the human body, such as—

(1) metal, wooden, acrylic, glass, stone, plastic, or ceramic pipes with or without screens, permanent screens, hashish heads, or punctured metal bowls;

(2) water pipes;

(3) carburetion tubes and devices;

(4) smoking and carburetion masks;

(5) roach clips: meaning objects used to hold burning material, such as a marihuana cigarette, that has become too small or too short to be held in the hand;

(6) miniature spoons with level capacities of one-tenth cubic centimeter or less;

(7) chamber pipes;

(8) carburetor pipes;

(9) electric pipes;

(10) air-driven pipes;

(11) chillums;

(12) bongs;

(13) ice pipes or chillers;

(14) wired cigarette papers; or

(15) cocaine freebase kits.

**(e) Matters considered in determination of what constitutes drug paraphernalia**

In determining whether an item constitutes drug paraphernalia, in addition to all other logically relevant factors, the following may be considered:

(1) instructions, oral or written, provided with the item concerning its use;

(2) descriptive materials accompanying the item which explain or depict its use;

(3) national and local advertising concerning its use;

(4) the manner in which the item is displayed for sale;

(5) whether the owner, or anyone in control of the item, is a legitimate supplier of like or related items to the community, such as a licensed distributor or dealer of tobacco products;

(6) direct or circumstantial evidence of the ratio of sales of the item(s) to the total sales of the business enterprise;

(7) the existence and scope of legitimate uses of the item in the community; and

(8) expert testimony concerning its use.

**(f) Exemptions**

This section shall not apply to—

(1) any person authorized by local, State, or Federal law to manufacture, possess, or distribute such items; or

(2) any item that, in the normal lawful course of business, is imported, exported, transported, or sold through the mail or by any other means, and traditionally intended for use with tobacco products, including any pipe, paper, or accessory.

21 U.S.C. § 857.